1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DWAYNE MEREDITH,

             Plaintiff,

   v.

D. OVERLEY, et al.,

             Defendants.

_____/

CASE NO.     1:12-cv-00455-MJS (PC)

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

(ECF No. 1)

AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS

**SCREENING ORDER**

**I.**    **PROCEDURAL HISTORY**

      On March 26, 2012, Plaintiff Dwayne Meredith, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 6.) Plaintiff's Complaint is now before the Court for screening.

**II.**    **SCREENING REQUIREMENT**

      The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

**III.**   **SUMMARY OF COMPLAINT**

The Complaint names the following California State Prison, Corcoran (Corcoran), officials as Defendants: (1) Lt. D. Overley; (2) Captain R.C. Garcia; (3) Lt. Gamboa; (4) K. Comaties, Associate Warden; and (5) John Doe Correctional Officers 1-10.

Plaintiff alleges the following:

On September 19, 2010, Plaintiff began a ninety day punitive segregated confinement at Corcoran known as Loss of Privileges (LOP) status.  Plaintiff was not permitted to leave his cell for any reason until November 3, 2010.  Thereafter he received a total of three hours outside his cell.  Plaintiff was told that fog and staff shortage may have contributed to the limited out-of-cell time; however, neither weather conditions nor a

2

staff shortage could have been severe enough to justify the forty-five day days Plaintiff was left in his cell. (Compl. at 5.)  "Plaintiff frequently complained about his treatment and in particular about being locked down without yard or shower." (Id. at 6.)  "Defendants did not respond to Plaintiff's cries for help . . . ." (Id. at 7.)  Another inmate in the same building, Paul Sanders, confirms that "Plaintiff often complained to security staff that he was not receiving his required shower and exercise time on a daily basis." (Id. at 59.)  Plaintiff also submitted inmate appeals protesting his conditions to no avail.  (Id. at 6.)

Plaintiff contends that the circumstances of his confinement, imposed by the Defendants, violated his Eighth Amendment rights and requirements set forth in Title 15 of the California Code of Regulations.

**IV.   ANALYSIS**

    **A.   Section 1983**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set

forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

**B.    Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Complaint does not allege facts linking any of the named Defendants to the deprivation of Plaintiff's Eighth Amendment rights.  Plaintiff alleges generally that the

4

Defendants are responsible but provides no facts demonstrating how each Defendant made an affirmative act or omission that contributed to the alleged violation.  Plaintiff may not attribute liability to the Defendants as a group, Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (requiring personal participation in the alleged constitutional violations), and sweeping conclusory allegations will not suffice.  Plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir.1988).  In other words, Plaintiff must describe exactly how each of the named Defendants individually took part in the violations alleged.  The mere fact that one or more of the Defendants may have supervised the individuals responsible for a violation is not enough.  Defendants may only be held liable in a supervisory capacity if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor, 880 F.2d at 1045.

Without alleging facts showing that any of the named Defendants participated in the violations alleged, Plaintiff has failed to state a cognizable claim.  The Court will provide an opportunity to amend.  In order to state a cognizable claim, Plaintiff must set forth sufficient facts showing that each Defendant personally took some action that violated Plaintiff's constitutional rights.  The following sections of this order will provide Plaintiff with additional legal standards applicable to his claim.

## C.   John Doe

"John Doe" defendant liability must also be properly alleged.  A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," so that each numbered John Doe refers to a different specific person.  Plaintiff also must identify how each such

named Defendant, including those named as Doe, is liable for a constitutional violation. Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

In his amended complaint, Plaintiff shall either name the defendants involved or list the Doe defendants involved and describe what each did to violate his rights.  If Plaintiff can only list these defendants as John Doe, Plaintiff should allege specific acts that each Doe defendant did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y."  Alexander v. Tilton, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).

### D.   Eighth Amendment

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).  Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. Hudson v. McMillian, 503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  E.g., Farmer v. Brennan, 511 U.S. 825, 847 (1994); Thomas v. Ponder, 611 F.3d 1144, 1151-52 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

Plaintiff alleges that initially he was confined to his cell for forty-five consecutive days without being  permitted to exercise or shower.  Over the next forty-five days he was allowed outside his cell a total of three hours.  Prolonged, twenty-four hour per day

isolation in a cell without access to exercise can amount to a sufficiently serious deprivation.   Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979); see, e.g., Lopez v. Smith, 203 F.3d 1122, 1133 (9th Cir. 2000) (denial of all exercise for six-and-one-half weeks sufficient to invoke Eighth Amendment protection); Allen v. Sakai, 48 F.3d 1082, 10-86-87 (9th Cir. 1994) (permitting inmates only 45 minutes of outdoor exercise per week over a six week period was sufficient to meet the objective element of an Eighth Amendment claim).   A lack of sanitation can also be sufficiently serious to establish an Eighth Amendment claim.  Anderson v. County of Kern, 45 F.3d 1310, 1314 (9th Cir. 1995) ("Unquestionably, subjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment.").

Plaintiff must also allege deliberate indifference to this deprivation.  "Deliberate indifference is a high legal standard."  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'"  Id. at 1057 (quoting Farmer, 511 U.S. at 837).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'"  Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).  The prison official must "know[] of and disregard[ ] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S. at 837.  Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it.  Id. at 837-45.  Prison officials may avoid liability by presenting evidence that they lacked

knowledge of the risk, or by presenting evidence of a reasonable, albeit unsuccessful, response to the risk. Id. at 844-45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.

### E.    California Code of Regulations, Title 15

Plaintiff repeatedly contends that the conduct alleged violated sections of Title 15 of the California Code of Regulations.  The existence of regulations such as these governing the conduct of prison employees does not necessarily entitle Plaintiff to sue civilly to enforce the regulations or to sue for damages based on the violation of the regulations.  The Court has found no authority to support a finding of an implied private right of action under Title 15, and Plaintiff has provided none.  Accordingly, Plaintiff fails to state any claims upon which relief may be granted based on the violation of Title 15 regulations.  See Chappell v. Perrez, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011); Lamon v. Cate, 2011 WL 773046, *9 (E.D. Cal. Feb. 28, 2011).

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones, 297 F.3d at 934.

8

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed March 26, 2012;

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply

9

1    with a court order.

2

3    IT IS SO ORDERED.

4

5    Dated:   August 29, 2012          /s/ *Michael J. Seng*

6                                      UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27