1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

DWAYNE MEREDITH,

          Plaintiff,

    v.

D. OVERLEY, et al.,

          Defendants.

_____/

CASE NO.   1:12-cv-0455-LJO-MJS (PC)

FINDINGS AND RECOMMENDATIONS FOR DENIAL OF DEFENDANTS' MOTION TO DISMISS

(ECF No. 12)

OBJECTIONS DUE WITHIN FOURTEEN DAYS

      Plaintiff Dwayne Meredith ("Plaintiff") is a state prisoner proceeding in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

      Plaintiff initiated this action on March 26, 2012. (Compl., ECF No. 1.) It proceeds on the First Amended Complaint's (Am. Compl., ECF No. 7) Eighth Amendment claim against Defendants Overley, Benevidez, and Gamboa for failure to provide adequate conditions of confinement. (ECF No. 9.)

      On January 7, 2013, Defendants filed a motion to dismiss the action on the ground that Plaintiff had failed to exhaust his administrative remedies prior to commencing the case. (Defs.' Mot., ECF No. 12.) Plaintiff filed an opposition on March 11, 2013. (Pl.'s Opp'n, ECF No. 16.) Defendants filed a reply on March 11, 2013. (Defs.' Reply, ECF No. 25.) The Court ordered Defendants to supplement their motion and they complied. (ECF Nos. 28, 29, 30.)

Defendants' motion to dismiss is now ready for ruling pursuant to Local Rule 230(*l*).

## I.    **LEGAL STANDARD**

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007). The Supreme Court held that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Further, the exhaustion of remedies is required, regardless of the relief sought by the prisoner, as long as the administrative process can provide some sort of relief on the prisoner's complaint. Booth v. Churner, 532 U.S. 731, 741 (2001).

The California Department of Corrections and Rehabilitation ("CDCR") has an administrative grievance system for prisoner complaints; the process is initiated by submitting a CDCR Form 602. Cal. Code Regs., tit. 15, §§ 3084.1, 3084.2(a) (2009). During the time relevant to this case, four levels of appeal existed: an informal level, a first formal level, a second formal level, and a third formal level, also known as the "Director's Level"; each successive appeal had to be submitted within fifteen working days of the event being appealed. Id. at §§ 3084.5, 3084.6(c).[1] To properly exhaust administrative remedies, a prisoner must comply with the deadlines and other applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 93 (2006).

The exhaustion requirement of § 1997e(a) is not a pleading requirement, but rather an affirmative defense. Defendants have the burden of proving plaintiff failed to exhaust

---

[1] Emergency changes to the regulations became effective on January 28, 2011. The changes occurred after the events at issue here and are therefore irrelevant to the resolution of Defendants' motion to dismiss.

1  the available administrative remedies before filing a complaint in the District Court. Jones

2  v. Bock, 549 U.S. 199, 216 (2007).  A motion raising a prisoner's failure to exhaust the

3  administrative remedies is properly asserted by way of an unenumerated motion under

4  Fed. R. Civ. P 12(b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003); Ritza v. Int'l

5  Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per

6  curium).   In determining whether a case should be dismissed for failure to exhaust

7  administrative remedies, "the court may look beyond the pleadings and decide disputed

8  issues of fact" in a procedure that is "closely analogous to summary judgment."  Id. at

9  1119–20.  When the court concludes the prisoner has not exhausted all of his available

10  administrative remedies, "the proper remedy is dismissal without prejudice."  Id.

11  **II.**   **PLAINTIFF'S CLAIMS**

12       The essential allegations of Plaintiff's First Amended Complaint are summarized as

13  follows:

14       Plaintiff is currently incarcerated at California State Prison, Corcoran ("CSP-COR"),

15  where the events alleged in the First Amended Complaint occurred.  (Am. Compl. at 1-3.)

16       On September 19, 2010, Plaintiff began a ninety day punitive segregated

17  confinement at CSP-COR known as Loss of Privileges ("LOP") status.  (Am. Compl. at 3,

18  5.)  Plaintiff was not permitted to leave his cell for any reason until November 3, 2010.

19  (Am. Compl. at 5.)  On the days Plaintiff was confined to his cell, he had no opportunity to

20  exercise, shower, interact with others, breathe fresh air, or enjoy natural light.  (Id.)  From

21  November 3 until the end of his LOP term he was allowed out of his cell seven times.  (Am.

22  Compl. at 5.) In weeks when he was allowed outside his cell the time often was limited to

23  one hour; one week he had three hours.  (Id.) After November 3, 2010, Plaintiff was

24  confined exclusively to his cell fortwo separate two week periods.  (Id. at 43-46.)

25       Defendant Benevidez was staffed on the floor where Plaintiff was confined and had

26  direct knowledge of Plaintiff's circumstances.  (Am. Compl. at 8.)  Plaintiff voiced his

27  concerns directly to Defendants Overly and Gamboa.  (Id.)  These defendants took no

28  action to correct the excessive deprivations.  (Id.)

1   **III.    ARGUMENTS - MOTION TO DISMISS**

2        **A.    Defendants Overley, Benevidez, and Gamboa's Motion**

3        Defendants Overley, Benevidez, and Gamboa move for dismissal pursuant to 42

4   U.S.C. § 1997e(a) because Plaintiff failed to exhaust his administrative remedies prior to

5   filing this action.

6        Plaintiff initiated this action on March 26, 2012. (Compl. at 1.)  To have properly

7   exhausted his claims, he must have submitted an inmate appeal regarding the claims

8   giving rise to the claims here and obtained a third level decision prior to March 26, 2012.

9   Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); McKinney v. Carey, 311 F.3d 1198, 1199-

10  1201 (9th Cir. 2002) (per curiam).

11       Plaintiff's First Amended Complaint concerns the time period from September 19,

12  2010, through November 3, 2010, when Plaintiff was confined to his cell and not allowed

13  to leave at any point. (Am. Compl. at 5.) Plaintiff filed two appeals which reached the third

14  level of review between September 19, 2010 and the day on which Plaintiff initiated this

15  action. (Defs.' Mem. P. & A., ECF No. 12 at 3.)

16       Plaintiff's first relevant appeal, COR-10-3293, was screened out and not accepted

17  to the third level because Plaintiff failed to submit the appeal at the lower levels of review.

18  (Lozano Decl., ECF No. 12-2 at Ex. A.)

19       Plaintiff's second relevant appeal, COR-10-3427, complained of the prison's failure

20  to allow him any outdoor time between December 1, 2010, to December 6, 2010. (Lozano

21  Decl. at Ex. B.)  Plaintiff obtained a third level decision on this appeal on June 3, 2011.

22  However, this appeal did not deal with the allegedly unconstitutional conditions of

23  confinement Plaintiff faced between September 19, 2010, to November 3, 2010.  (Id.)

24  Plaintiff's claim in this action relates to deprivations he faced during the September-

25  November 2010 time period.  Accordingly, COR-10-3427 is insufficient for exhaustion

26  purposes.

27       Defendants allege that since Plaintiff failed to properly exhaust an appeal regarding

28  the events at issue in his First Amended Complaint, Plaintiff failed to exhaust his

administrative remedies and his First Amended Complaint should be dismissed.

**B.    Plaintiff's Opposition**

In opposition, Plaintiff alleges that appeal COR-10-3293 was properly exhausted and that appeal COR-10-3427 should be sufficient for exhaustion purposes. (Pl.'s Opp'n at 2-3.)

Plaintiff alleges that appeal COR-10-3293 should have been processed by the prison despite alleged procedural problems. (Pl.'s Opp'n at 2.) The prison instead choose to screen out Plaintiff's appeal to prevent him from reaching the third level of review prerequisite to a prisoner lawsuit. (Id.)

Plaintiff also alleges that appeal COR-10-3427 covers the dates at issue in his claim because he used the words "still be denied" in the appeal. (Pl.'s Opp'n at 3.) He agues that these words reflect a continuous violation not limited to the period from December 1, 2010 to December 6, 2010. (Id. at 3-4.)

Plaintiff alleges that because both of these appeals are sufficient for exhaustion purposes, Defendants' motion to dismiss should be denied.

**C.    Defendants Overley, Benevidez, and Gamboa's Reply**

Defendants reply that the rejection or cancellation of Plaintiff's appeal COR-10-3292 is insufficient for exhaustion purposes. (Defs.' Reply at 2.) Defendants also maintain that Plaintiff's appeal COR-10-3427 did not raise the issues raised in Plaintiff's Amended Complaint. (Def.'s Reply at 2.)

**IV.    ANALYSIS**

Dismissal pursuant to Fed. R. Civ. P. 12(b) is not appropriate in this case. It appears Defendants have misstated Plaintiff's grievance history, and that Plaintiff exhausted his grievances to the extent permitted.

From the papers submitted by both parties, it appears that Plaintiff attempted to exhaust appeal COR-10-3293 but was frustrated by prison staff from doing so to the third level. This appeal dealt with the prison's failure to provide Plaintiff with adequate exercise time while he was on a Loss of Privileges ("LOP") yard; i.e. the events underlying Plaintiff's

current action.  (Pl.'s Opp'n at 2.)  The appeal suggests that the prison itself bypassed the informal and first levels of review since the appeal bears a "BYPASS" stamp in these sections.  (Pl.'s Opp'n at 12.)  The prison did not permit this appeal to be processed at the second level because it found it to be duplicative of Plaintiff's appeal COR-10-3427.  It is disingenuous for Defendants now to argue that the two appeals raised different issues.

Plaintiff obtained a third level decision on appeal COR-10-3427 on June 3, 2011.  Since the prison found that the two appeals were duplicative, by exhausting COR-10-3427, Plaintiff exhausted COR-10-3293 in which Plaintiff notified the prison about the issues underlying his First Amended Complaint.

The motion to dismiss for failure to exhaust should be denied.

Because the Court's review may have left it with a less than complete understanding of the applicable history, it is recommended that the denial of the motion be without prejudice.

III.   **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants Overley, Benevidez, and Gamboa's motion to dismiss (ECF No. 12) be denied.

///
///
///
///
///
///
///
///
///
///
///
///

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1 st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     June 27, 2013                    /s/ Michael J. Seng
                                            UNITED STATES MAGISTRATE JUDGE