# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE MEREDITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. OVERLY, et al.,<br><br>　　　　Defendants. | Case No.  1:12-cv-0455-LJO-MJS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT<br><br>(ECF No. 36) |

Plaintiff Dwayne Meredith ("Plaintiff") is a prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.  The First Amended Complaint alleges Defendants Overley, Benevidez, and Gamboa failed to provide Plaintiff with sufficient opportunities to leave his cell during the period from September 19, 2010 to November 3, 2010.

On September 3, 2013, Plaintiff filed a motion to supplement his First Amended Complaint.  (ECF No. 36.)  Defendants Benevidez, Gamboa, and Overley have filed written opposition.  (ECF No. 38.)  Plaintiff has filed a reply.  (ECF No. 41.)

Plaintiff seeks to supplement his First Amended Complaint to add a new defendant and a new claim to this action.  (ECF No. 36.)  Plaintiff would like to name N. Jackson as a defendant for filing a fraudulent declaration in support of Defendants

1

Benevidez, Gamboa, and Overley's motion to dismiss.[1]  (Id.)  Plaintiff alleges that Mr. Jackson misstated Plaintiff's grievance history in the declaration, which is dated June 5, 2013. (Id.; ECF No. 29-1.)

Pursuant to Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).  Rule 15(d) does not require the moving party to satisfy a transactional test, but there must still be a relationship between the claim in the original pleading and the claims sought to be added.  Keith v. Volpe, 858 F.2d 467, 474 (9th Cir. 1988).  Thus, "[w]hile leave to permit supplemental pleading is favored, it cannot be used to introduce a separate, distinct and new cause of action." Planned Parenthood of Southern Arizona v. Neely, 130 F.3d 400, 402 (9th Cir. 1997) (internal quotation marks and citation omitted).

Plaintiff argues that Mr. Jackson's declaration filed in 2013 is a continuation and extension of the events which occurred in 2010.  Not so.  Defendant Jackson's declaration was filed in connection with the *litigation* arising out of the 2010 events, but it is alleged to constitute a constitutional violation different and separate from that alleged in the existing pleading.  To the extent filing the declaration gives rise to a new claim of violation of Plaintiff's federal rights (and the Court sees little possibility it does), it is a separate, distinct, and new cause of action.

This action has been pending for more a year and the incident giving rise to Plaintiff's claim occurred three years ago.  Even if the proposed amendment were otherwise proper, allowing Plaintiff to add a separate, distinct, and new claims at this juncture would be inimical to the interests of judicial economy and convenience. Planned Parenthood, 130 F.3d at 402; Keith, 858 F.2d at 474.

---

[1] Defendants' motion to dismiss was ultimately denied.  (ECF No. 35.)

### III. **CONCLUSION**

Accordingly, Plaintiff's motion seeking leave to supplement his First Amended Complaint (ECF No. 36), filed on September 3, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   January 29, 2014          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE