UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE MEREDITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>D. OVERLY, et al.,<br><br>　　　　Defendants. | Case No.  1:12-cv-0455-LJO-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO:**<br><br>**(1) DENY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 56),**<br><br>**(2) DENY DEFENDANTS' MOTION TO STRIKE (ECF No. 62), AND**<br><br>**(3) DENY PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 63)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

**I.     PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 5 & 8.) The action proceeds against Defendants Benevidez, Gamboa, and Overley on Plaintiff's Eighth Amendment conditions of confinement claim. (ECF No. 9.)

On January 1, 2013, Defendants filed a motion to dismiss on the ground that

1  Plaintiff failed to exhaust his administrative remedies. (ECF No. 12.) On June 28, 2013,
2  the undersigned issued findings and a recommendation to deny Defendants' motion on
3  the ground Plaintiff had exhausted his administrative remedies. (ECF No. 31.) However,
4  the undersigned noted that the Court may have been left with "a less than complete
5  understanding of the applicable history," and therefore recommended that the denial be
6  without prejudice. (Id.) Defendants filed objections. (ECF No. 32.) The District Judge
7  adopted the findings and recommendation and denied Defendants' motion to dismiss on
8  August 16, 2013. (ECF No. 35.)

9  Defendants renewed their motion to dismiss on November 19, 2013. (ECF No.
10 42.) The motion was denied on May 12, 2014 on procedural grounds based on Albino v.
11 Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (failure to exhaust should be raised in a
12 motion for summary judgment, rather than a motion to dismiss). (ECF No. 53.)

13 Before the Court is Defendants' June 13, 2014 motion for summary judgment on
14 exhaustion grounds. (ECF No. 56.) Plaintiff opposes the motion (ECF No. 60), and
15 Defendants have filed a reply and objections to Plaintiff's declaration in opposition.
16 (ECF Nos. 61 & 62). Defendants' also move to strike parts of Plaintiff's declaration.
17 (ECF No. 62.)

18 Also before the Court is Plaintiff's July 21, 2014 motion for summary judgment.
19 (ECF No. 63.) Defendants oppose the motion (ECF No. 64), and Plaintiff has filed a
20 reply (ECF No. 66.)

21 These matters are deemed submitted.

22 **II.    LEGAL STANDARD – MOTION FOR SUMMARY JUDGMENT**

23 Any party may move for summary judgment, and the Court shall grant summary
24 judgment if the movant shows that there is no genuine dispute as to any material fact
25 and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash.
26 Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position,
27 whether it be that a fact is disputed or undisputed, must be supported by (1) citing to
28 particular parts of materials in the record, including but not limited to depositions,

2

documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1).

Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Defendants do not bear the burden of proof at trial and, in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984, and it must draw all inferences in the light most favorable to the nonmoving party, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

## III.   PLAINTIFF'S CLAIMS

The allegations in Plaintiff's first amended complaint (ECF No. 8) may be summarized essentially as follows:

Plaintiff currently is incarcerated at California State Prison, Corcoran, where the events giving rise to his complaint occurred. On September 19, 2010, Plaintiff began a ninety-day punitive segregated confinement with Loss of Privileges ("LOP"). Plaintiff was not permitted to leave his cell for any reason until November 3, 2010. On the days Plaintiff was confined to his cell, he had no opportunity to exercise, shower, interact with others, breathe fresh air, or enjoy natural light.

Defendant Benavidez staffed the floor where Plaintiff was confined and knew of Plaintiff's circumstances. Plaintiff complained directly to Defendants Overley and Gamboa. Defendants took no action to correct the deprivations.

## IV.   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### A.   Legal Standard -- Exhaustion

The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Therefore, prisoners are required to exhaust all available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007).

"The primary purpose of a [prisoner's administrative] grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). "A grievance need not include legal terminology or legal theories unless they are in some way needed to provide notice of the harm being grieved. A grievance also need not contain every fact necessary to prove each element of an eventual legal claim." Id. Instead, the grievance must "alert the prison to the nature of the wrong for which redress is sought," and must give the prison an opportunity "to reach the merits of the issue." Id. at 1120-21.

A motion for summary judgment is the proper means to raise a prisoner's failure to exhaust administrative remedies. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). Defendants have the burden of proving Plaintiff failed to exhaust available administrative remedies. See Jones, 549 U.S. at 216 (failure to exhaust is an affirmative defense). A defendant's burden of establishing an inmate's failure to exhaust administrative remedies has been characterized by the Ninth Circuit as "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The defendant need only show the existence of a grievance procedure the plaintiff did not use. Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. If material facts are disputed, summary judgment should be

4

denied, and the district judge should decide disputed factual questions relevant to exhaustion "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." Id. at 1170-71.

**B.    Summary of Administrative Appeals**

Based on the submissions of the parties (ECF Nos. 56 & 60-62), the Court finds the following facts are undisputed.

Plaintiff filed two relevant administrative appeals. The first appeal, COR-10-3293, was dated November 30, 2010, and alleged that Plaintiff was not receiving his mandated one hour per day of exercise, five days per week. Plaintiff requested to be returned to a normal program. Pages attached to the appeal form indicated that Plaintiff's complaint involved the time period from September 18, 2010 to at least November 7, 2010. Appeal No. COR-10-3293 was rejected at the second level for exceeding the page limit. Plaintiff resubmitted the appeal.

While second level review of COR-10-3293 was pending, Plaintiff filed his second appeal, COR-10-3427. This appeal was dated December 6, 2010 and concerned Plaintiff's lack of outside time. The initial appeal form indicated that Plaintiff's complaints involved the time period from December 1 to December 6, 2010, dates which are not at issue in Plaintiff's complaint.[1] Plaintiff stated, "I'm still being denied my 1 hour outside from 12-1-10 (Wed) to 12-6-10 (Mon) I've received 1 hour out for the whole week of December."

Plaintiff's first appeal, COR-10-3293 eventually was cancelled at the second level by the Appeals Coordinator for being a duplicate of COR-10-3427. The letter cancelling the appeal stated, "Your issues are the same concerning program and yard. You filed another appeal instead of disagreeing with the [First Level Review] and merely state the issue is ongoing, this is unacceptable. This appeal will no longer be processed." Pre-

---

[1] In his appeal of COR-10-3427 to the second level, Plaintiff referenced COR-10-3293 and complained that nothing had been done. The second level response to COR-10-3427  did not state that Plaintiff had introduced new issues or inappropriately expanded the appeal by referring to the issues raised in COR-10-3293. Rather, the second level response dealt generally with Plaintiff's LOP status and did not reference a specific time period. The Director's Level decision also did not reference a specific time period.

printed type at the bottom of the letter stated, "[O]nce an appeal has been cancelled, that appeal may not be resubmitted. However, a separate appeal can be filed on the cancellation decision. The original appeal may only be resubmitted if the appeal on the cancellation decision is granted." Plaintiff attempted to appeal this decision to the third level but it was screened out because the appeal had not completed the second level.

Plaintiff took no further action with respect to COR-10-3293. Plaintiff fully exhausted his second appeal, COR-10-3427.

### C. Parties' Arguments

Defendants argue that plaintiff's first appeal, COR-10-3293, was not properly exhausted because Plaintiff did not appeal the cancellation of that appeal. (ECF No. 56-1 at 6.) Defendants contend that Plaintiff should have appealed the cancellation decision and attempted to reinstate his appeal if he believed it was not a duplicate of COR-10-3427. Plaintiff had notice of additional available remedies and did not pursue them. Because Plaintiff did not do so, he cannot bring suit based on the claims contained in COR-10-3293.

Additionally, Defendants argue that Plaintiff's second appeal, COR-10-3427, did not exhaust the claims presented here because it was limited to the time period from December 1, 2010 to December 6, 2010, and this action involves the time period from September 29, 2010 to November 3, 2010.

Plaintiff argues that COR-10-3293 was, in fact, duplicative of COR-10-3427. Plaintiff filed COR-10-3427 because he was verbally informed that COR-10-3293 was "all done" or "finished" and was "not coming back." Plaintiff points out that, in COR-10-3427, he stated that his rights were "still" being violated.

### D. Analysis

Defendants present no new arguments to support summary judgment. Rather, they reiterate arguments previously presented to and rejected by the Court. (See ECF Nos. 12 & 32.)

COR-10-3293 notified the prison of the issues alleged in the first amended

complaint. Prison officials made a determination that COR-10-3293 was duplicative of COR-10-3427 because the "issues are the same concerning program and yard." The prison's response to COR-10-3427 addressed the complaints raised in both COR-10-3427 and COR-10-3293 concerning program and yard. As the Court previously noted, "It is disingenuous for Defendants now to argue that the two appeals raised different issues." (ECF No. 31.)

Plaintiff exhausted COR-10-3427. Because the prison found that the two appeals were duplicative, Plaintiff exhausted the claims raised in COR-10-3293 by exhausting COR-10-3427.

Accordingly, Defendants' motion for summary judgment should be denied.

## V. DEFENDANTS' MOTION TO STRIKE

Defendants seek to strike portions of Plaintiff's declaration, submitted in opposition to their motion for summary judgment, which state that Plaintiff was informed by an unnamed guard that Appeal No. COR-10-3293 was "all done" or "finished" and was "not coming back."

Defendants contend that this information is irrelevant because Plaintiff does not state the date on which he was informed his appeal was "all done." According to Defendants, this statement is relevant only if it occurred prior to Plaintiff filing COR-10-3427.

Defendants also contend that, without knowing the name or position of the prison guard, the Court cannot determine whether Plaintiff reasonably relied on these statements.

These findings and recommendations do not rely on the statements Defendants seek to strike. Accordingly, Defendants' motion (ECF No. 62) should be denied as moot.

## VI. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### A. Legal Standard – Eighth Amendment

An Eighth Amendment conditions of confinement claim has both an objective and a subjective component. See Farmer v. Brennan, 511 U.S. 825, 834 (1994). "First, the

deprivation alleged must be . . . sufficiently serious," and must "result in the denial of the minimal civilized measure of life's necessities." Id. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992). Second, the prison official must have acted with "deliberate indifference" to a substantial risk of serious harm to the inmate. Farmer, 511 U.S. at 834. "Mere negligence is not sufficient to establish liability." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). Rather, a plaintiff must set forth facts to show that a defendant knew of, but disregarded, an excessive risk to inmate safety. Farmer, 511 U.S. at 837. That is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### B.  Parties' Arguments

Plaintiff contends it is undisputed he was not allowed out of his cell for any reason from September 19, 2010 to November 3, 2010, a total of 45 consecutive days. Plaintiff supports this assertion with declarations from himself and two other inmates. Plaintiff also contends that Defendants have no documentary evidence to rebut Plaintiff's claims. Plaintiff argues that the Daily Activity Log produced by Defendants does not show that LOP or C status inmates, such as Plaintiff, were released for out-of-cell time during the relevant period. Nor does the Daily Activity Log directly state that Plaintiff was released at any time. Finally, Plaintiff argues that he has established deliberate indifference through his declaration that he informed Defendants that his confinement violated his rights, but they took no action.

Defendants dispute that Plaintiff did not leave his cell for 45 days. They provide a declaration from Defendant Benevidez stating that Plaintiff was let out of his cell to shower and "would have had the opportunity to exit his cell and go to the dayroom . . . except when he was restricted by a loss-of-privileges." They also submitted records stating that Plaintiff was assessed sixty days LOP status from October 20, 2010 to December 20, 2010 (rather than the ninety day LOP beginning September 19, 2010 that Plaintiff claims). Finally, they refer to a Daily Activity Schedule from April 2010 that

shows when C status and LOP inmates were scheduled for yard, and argue that Plaintiff was let out of his cell for exercise according to the Schedule.

### C. Analysis

There is a genuine dispute of fact as to whether Plaintiff was restricted to his cell for 45 consecutive days. This issue is at the heart of Plaintiff's case. Because there is a genuine issue of material fact, summary judgment is inappropriate and should be denied. Fed. R. Civ. P. 56(a).

## VII. CONCLUSION AND RECOMMENDATION

The Court finds that Defendants have not met their burden of proving Plaintiff failed to exhaust his administrative remedies. Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment (ECF No. 56) be DENIED.

The Court HEREBY RECOMMENDS that Defendants' motion (ECF No. 62) to strike portions of Plaintiff's declaration be DENIED as moot.

Finally, the Court finds that there is a disputed issue of material fact regarding Plaintiff's claims. Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for summary judgment (ECF No. 63) be DENIED.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within **fourteen** (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of

///

///

///

rights on appeal. <u>Wilkerson v. Wheeler</u>, __ F.3d __, __, No. 11-17911, 2014 WL 6435497, at *3 (9th Cir. Nov. 18, 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 3, 2014                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE