UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE MEREDITH,<br><br>Plaintiff,<br><br>v.<br><br>D. OVERLY, et al.,<br><br>Defendants. | Case No. 1:12-cv-0455-LJO-MJS (PC)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>**(ECF No. 73)** |

**I.  PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 5 & 8.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On December 4, 2014, the Magistrate Judge issued Findings and Recommendations to deny Defendants' motion for summary judgment, deny Defendants' motion to strike, and deny Plaintiff's motion for summary judgment. (ECF No. 69.) The deadline for filing objections passed with none being filed. On December 29, 2014, the undersigned adopted the findings and recommendations in full. (ECF No. 72.)

Later on December 29, 2014, Plaintiff filed objections to the findings and recommendation that his motion for summary judgment be denied. (ECF No. 73.) The Court construes the objections as a motion for reconsideration.

## II.   LEGAL STANDARD

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id. Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

## III.   ANALYSIS

### A.   Plaintiff's Claims

The action proceeds against Defendants Benevidez, Gamboa, and Overley on Plaintiff's Eighth Amendment conditions of confinement claim. (ECF No. 9.) The allegations in Plaintiff's first amended complaint (ECF No. 8) may be summarized essentially as follows:

Plaintiff currently is incarcerated at California State Prison, Corcoran, where the events giving rise to his complaint occurred. On September 19, 2010, Plaintiff began a ninety-day punitive segregated confinement with Loss of Privileges ("LOP"). Plaintiff was not permitted to leave his cell for any reason until November 3, 2010. On the days

Plaintiff was confined to his cell, he had no opportunity to exercise, shower, interact with others, breathe fresh air, or enjoy natural light.

Defendant Benavidez staffed the floor where Plaintiff was confined and knew of Plaintiff's circumstances. Plaintiff complained directly to Defendants Overley and Gamboa. Defendants took no action to correct the deprivations.

### B. Plaintiff's Motion for Summary Judgment

Plaintiff contended it was undisputed he was not allowed out of his cell for any reason from September 19, 2010 to November 3, 2010, a total of 45 consecutive days. Plaintiff supported this assertion with declarations from himself and two other inmates. Plaintiff also contended that Defendants had no documentary evidence to rebut Plaintiff's claims. Plaintiff argued that the Daily Activity Log produced by Defendants did not show that LOP or C status inmates, such as Plaintiff, were released for out-of-cell time during the relevant period. Nor did the Daily Activity Log directly state that Plaintiff was released at any time. Finally, Plaintiff argued that he had established deliberate indifference through his declaration that he informed Defendants that his confinement violated his rights, but they took no action.

Defendants disputed that Plaintiff did not leave his cell for 45 days. They provided a declaration from Defendant Benevidez stating that Plaintiff was let out of his cell to shower and "would have had the opportunity to exit his cell and go to the dayroom . . . except when he was restricted by a loss-of-privileges." They also submitted records stating that Plaintiff was assessed sixty days LOP status from October 20, 2010 to December 20, 2010 (rather than the ninety day LOP beginning September 19, 2010 that Plaintiff claims). Finally, they referred to a Daily Activity Schedule from April 2010 that showed when C status and LOP inmates were scheduled for yard, and argued that Plaintiff was let out of his cell for exercise according to the Schedule.

**C.     Findings and Recommendations**

The Magistrate Judge concluded that summary judgment was inappropriate because there was a genuine dispute of fact as to whether Plaintiff was restricted to his cell for 45 days.

**D.     Motion for Reconsideration**

Plaintiff now argues that Defendant Benavidez's declaration should be stricken because it created a "sham fact issue" pursuant to DeSpain v. Uphoff, 264 F.3d 965, 972 n.1 (10th Cir. 2001) (citing Hollis v. Delta Airlines, 238 F.3d 1255, 1259 (10th Cir. 2001)). Plaintiff contends that the declaration is contrary to Defendant Benavidez's discovery responses, which stated that Defendant Benavidez had insufficient information to respond as to whether Plaintiff was allowed out of cell during his LOP status.

**E.     Analysis**

The "sham affidavit" doctrine prevents a non-moving party from creating a genuine issue of fact "simply by submitting an affidavit contradicting his [or her] own prior testimony." Van Asdale v. Int'l Game Tech., 577 F.3d 989, 998 (9th Cir. 2009). Two requirements must be met before the Court can strike an affidavit alleged to be a sham: (1) the Court must make a factual determination that the contradiction was indeed a "sham" produced to avoid summary judgment and (2) the inconsistencies must be clear and unambiguous. Id. at 998-99. If either requirement is not met, the court must consider the non-moving party's affidavit in its determination to grant or deny summary judgment. Id. at 999.

Plaintiff has not submitted the allegedly contradictory discovery responses. Accordingly, there is no basis for the Court to make factual determinations as to whether there are inconsistencies between Defendant Benavidez's discovery responses and his declaration, whether any inconsistencies are clear and unambiguous, and whether the inconsistencies were created for the purpose of avoiding summary judgment.

Furthermore, even setting aside Defendant Benavidez's declaration, Defendants produced sufficient documentary evidence to create a genuine issue of material fact as to whether Plaintiff was restricted to his cell for 45 days. Accordingly, Plaintiff's motion for summary judgment properly was denied.

**IV.    CONCLUSION AND ORDER**

Plaintiff's arguments do not present a basis for granting reconsideration. Accordingly, Plaintiff's objections (ECF No. 73), which the Court construes as a motion for reconsideration, are HEREBY DENIED.

IT IS SO ORDERED.

Dated:   **January 12, 2015**          **/s/ Lawrence J. O'Neill**
                                       UNITED STATES DISTRICT JUDGE