UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE MEREDITH,<br><br>    Plaintiff,<br><br>    v.<br><br>D. OVERLEY, et al.,<br><br>    Defendants. | Case No. 1:12-cv-00455-MJS (PC)<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTENDANCE OF INCARCERATED WITNESSES AT TRIAL**<br><br>**(ECF No. 85)** |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment conditions of confinement claim against Defendants Overley, Benevidez, and Gamboa. (ECF No. 9.)

Before the Court is Plaintiff's April 6, 2015 motion for the attendance of incarcerated witnesses at trial. (ECF No. 85.) Defendants have not filed an opposition or otherwise responded to the motion.

Plaintiff seeks the attendance of Howard Johnson, CDCR No. T-18201, and Paul Sanders, CDCR No. C-66723, both of whom he indicates are willing to testify. Plaintiff states that Johnson and Sanders are both incarcerated. However, Johnson noted in a declaration dated May 22, 2014 that he expected to be paroled within a few months (ECF No. 55, at 2), and the CDCR inmate locator does not show a Howard Johnson with

1

the inmate number T-18201 currently in custody in California. The court assumes that Johnson is no longer incarcerated. The court will therefore address separately Plaintiff's request for Johnson to testify and his request for Sanders to testify.

## I. INCARCERATED WITNESS

The Court's January 16, 2015 scheduling order (ECF No. 76) required Plaintiff to show that an incarcerated witness is willing to testify voluntarily in one of two ways: (1) through a sworn declaration by Plaintiff that the witness has informed Plaintiff he or she is willing to testify voluntarily, stating when and where the witness so advised Plaintiff; or (2) through a sworn declaration stating same by the witness him- or herself.

Plaintiff's has signed and sworn under penalty of perjury that Sanders is willing to testify voluntarily, although it is not clear when Plaintiff last had contact with Sanders. Plaintiff does not state where and when Sanders informed Plaintiff of his willingness to testify. (ECF No. 85, at 3.)

Despite Plaintiff's technical noncompliance with the scheduling order, the Court maintains discretion to grant a motion for the attendance of incarcerated witnesses. Wiggins v. Alameda Cnty., 717 F.2d 466, 468 n.1 (9th Cir. 1983); see also Greene v. Prunty, 938 F.Supp. 637, 639-640 (S.D. Cal. 1996). Accordingly, the Court will proceed to the merits of Plaintiff's motion.

In determining whether to grant a motion for the attendance of incarcerated witnesses, the Court takes into consideration the following factors: (1) whether the inmate's presence will substantially further the resolution of the case, (2) the security risks presented by the inmate's presence, (3) the expense of transportation and security, and (4) whether the suit can be stayed until the inmate is released without prejudice to the cause asserted.[1] Wiggins, 717 F.2d at 468 n. 1; Greene, 938 F.Supp. at 639-640; see also Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (district court did not abuse its discretion when it concluded the inconvenience and expense of transporting

---

[1] Since the Court has no information on the release date of inmate Sanders, the Court will not address this factor.

2

inmate witness outweighed any benefit he could provide where the importance of the witness's testimony could not be determined), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995).

Here, Plaintiff's declaration indicates that Sanders was an eyewitness to Plaintiff's efforts to get released from his cell and to inculpatory statements by Defendant Benevidez. (ECF No. 85, at 3.)  Because Sanders can provide relevant testimony, the Court concludes that his presence will substantially further resolution of the case.  There is nothing before the Court to indicate that Sanders presents a greater-than-average security risk.  The CDCR Inmate Locator indicates that Sanders is presently housed at Corcoran State Prison which is located within an hour's drive of this court, so it does not appear that his presence would involve extraordinary expense.

In light of these factors, the potential that Sanders has changed his mind about testifying voluntarily does not warrant denial of Plaintiff's motion.  "There is plenty that a judge can do to encourage a witness's testimony." Barnett v. Norman, 782 F.3d 417, 423 (9th Cir. 2015). Although such efforts may ultimately prove fruitless, the testimony of Sanders is important to Plaintiff's case, and the Court concludes that Plaintiff must have the opportunity to attempt to elicit such testimony.

Therefore, the Court will grant Plaintiff's motion for the attendance of Sanders and will issue a writ of *habeas corpus ad testificandum* for Sanders' presence at trial.

## II. UNINCARCERATED WITNESS

Plaintiff seeks to present the testimony of Howard Johnson, who, as described above, appears to have been released from custody.  Johnson declared in a signed, sworn declaration from May 2014 that "although I am paroling within a few months, I will make myself available for further statements, questioning, and testimony." (ECF No. 55, at 2.)  As the Court informed Plaintiff in the scheduling order, Plaintiff does not need Court permission or a court order to have an unincarcerated witness appear and testify, provided the witness is willing to do so voluntarily and Plaintiff has identified the witness in his Pretrial Statement.  Here, both these requirements have been met.  Thus, all that

is necessary for Plaintiff to have Johnson testify is for Plaintiff to notify Johnson of the time and date of trial and arrange for his presence. It is Plaintiff's sole responsibility to arrange for Johnson's appearance at trial. To the extent that Plaintiff needs to contact Johnson directly and Johnson remains a parolee, Plaintiff must comply with CDCR regulations for communicating with him. Cal. Code Regs. tit. 15, § 3139.

### III. CONCLUSION & ORDER

Plaintiff's motion for the attendance of incarcerated witnesses (ECF No. 85) is HEREBY GRANTED IN PART as follows:

1) Plaintiff's motion for the attendance of inmate Paul Sanders is GRANTED;
2) The Court will issue writs of *habeas corpus ad testificandum* separately for Sanders' presence at trial; and
3) Plaintiff has sole responsibility for arranging for Howard Johnson's attendance at trial.

IT IS SO ORDERED.

Dated:   July 10, 2015                      /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE

4