UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE MEREDITH,<br><br>          Plaintiff,<br><br>     v.<br><br>D. OVERLEY, et al.,<br><br>          Defendants. | Case No. 1:12-cv-00455-MJS (PC)<br><br>**ORDER:**<br><br>**1. REGARDING PLAINTIFF'S REQUEST TO SUBPOENA UNINCARCERATED WITNESS (ECF No. 103)**<br><br>**2. GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION (ECF No. 106)**<br><br>**AUGUST 21, 2015 DEADLINE FOR SUBMISSION OF STATUTORY FEES** |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Eighth Amendment conditions of confinement claim against Defendants Overley, Benevidez, and Gamboa. (ECF No. 9.)

Before the Court are (1) Plaintiff's July 30, 2015 request to subpoena Correctional Officer Gaulden, who is unincarcerated and apparently not willing to testify voluntarily (ECF No. 103); and (2) Plaintiff's August 5, 2015 request for clarification (ECF No. 106) regarding the procedures for obtaining subpoenas.

**I.     REQUEST TO SUBPOENA UNINCARCERATED WITNESS**

The Court's January 16, 2015 scheduling order advised Plaintiff of the procedures for subpoenaing unincarcerated witnesses who are unwilling to testify voluntarily at trial.

1

(ECF No. 76.) Plaintiff was advised to notify the Court in writing of the names and location of such witnesses by April 23, 2015. He did not do so, and instead filed his request to subpoena Officer Gaulden over three months late. (ECF No. 103.) However, given Plaintiff's *pro se* status, his stated confusion over procedures, and his previous, albeit prematurely-filed, notice of intent to subpoena Officer Gaulden (ECF Nos. 57 and 74), the Court will consider issuing a subpoena for Officer Gaulden if Plaintiff complies with appropriate procedures to accomplish same, including submitting, **not later than August 21, 2015**, a money order to cover Gaulden's travel expenses and witness fees.

Plaintiff lists the location of Officer Gaulden as California State Prison - Corcoran. The Court takes judicial notice that the physical location of CSP-Corcoran is 4001 King Avenue, Corcoran, CA 93212. The round trip mileage between CSP-Corcoran and the United States District Court in Fresno, California is 107 miles. The mileage rate is 57.5 cents per mile. Accordingly, the total mileage fee for Officer Gaulden is $61.53. Officer Gaulden is entitled to a $40.00 daily witness fee. Therefore, Plaintiff must submit to the Court **by August 21, 2015,** a money order in the amount of $101.53 made payable to Gaulden in order to subpoena him for trial. The Court will keep Plaintiff's request for the attendance of Officer Gaulden under submission pending receipt of the money order.

## II.   REQUEST FOR CLARIFICATION REGARDING SUBPOENA PROCEDURES

Plaintiff's request for clarification (ECF No. 106) states that he is "flummoxed" by the procedure for obtaining subpoenas for his witnesses. The Court refers Plaintiff to the scheduling order in this case (ECF No. 76) and its description of the general procedures for obtaining the attendance of witnesses at trial, as well as the additional specific information below.

Plaintiff's pretrial statement (ECF No. 86) indicates he wants to call three people

besides himself to testify at trial: Paul Sanders, an inmate who is willing to testify voluntarily; Howard Johnson, a parolee who is willing to testify voluntarily; and Officer Gaulden, a correctional officer who is not willing to testify voluntarily.

Officer Gaulden is the only one who needs to be subpoenaed. If Plaintiff complies with the procedures in Section I, above, the Court will consider issuing a subpoena for Gaulden.

As for Paul Sanders, the Court has issued an order for him to be transported for trial. (ECF No. 109.) Plaintiff does not need to do anything further to secure Mr. Sanders' presence at trial.

According to Plaintiff, Howard Johnson will come voluntarily and thus does not need to be subpoenaed. (ECF Nos. 55, 85, & 101.) Plaintiff himself must ensure that Mr. Johnson is aware of the trial, able to attend, and actually attends. Plaintiff must comply with Cal. Code Regs. tit. 15, § 3139, which governs inmate communications with parolees, in locating and contacting Mr. Johnson.

### III. CONCLUSION & ORDER

Accordingly, it is HEREBY ORDERED that:

1) Plaintiff's request to subpoena Officer Gaulden (ECF No. 103) is taken under submission; and

2) Plaintiff's motion for clarification (ECF No. 106) is GRANTED.

IT IS SO ORDERED.

Dated:   August 12, 2015                    /s/ *Michael J. Seng*
                                            UNITED STATES MAGISTRATE JUDGE