UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE MEREDITH,<br><br>    Plaintiff,<br><br>  v.<br><br>D. OVERLEY, et al.,<br><br>    Defendants. | CASE NO. 1:12-cv-00455-MJS (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO SUBSTITUTE EXPERT WITNESS (ECF No. 145)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO PRECLUDE DEFENDANTS FROM DISCUSSING THE CASE WITH INMATES (ECF No. 115)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS (ECF No. 129)<br><br>ORDER REGARDING PLAINTIFF'S SEPTEMBER 3, 2015 NOTICE TO THE COURT (ECF No. 118) |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  The action proceeds against Defendants D. Overley, Gamboa, and Benevidez on an Eighth Amendment conditions of confinement claim.  (ECF No. 8.)

Before the Court is Defendants' motion to substitute expert witness (ECF No. 145.), Plaintiff's motions to preclude Defendants from discussing the case and for sanctions (ECF Nos. 115 & 129.), and Plaintiff's September 3, 2015 notice to the Court regarding a subpoena for Officer Gaulden, his request for depositions, and his motion for reconsideration (ECF No. 118.).  Defendants filed a response to Plaintiff's motion for sanctions.  (ECF No. 137.)

## II.     MOTION TO SUBSTITUTE EXPERT WITNESS

Defendants seek to substitute their proposed expert witness Dr. Church with Dr. Wang.  Defendants argue that Dr. Church lacks sufficient time to assist with the case, Dr. Wang is already planning to testify as the custodian of Plaintiff's medical records, allowing Dr. Wang to testify will streamline the trial, and said substitution will not prejudice Plaintiff who has not deposed Dr. Church.

The Court finds these reasons compelling and sees no prejudice to Plaintiff if Dr. Wang qualifies and is allowed to testify as a medical expert.  To the extent that Dr. Wang is the witness Defendants planned to call as the custodian of Plaintiff's medical file, he will be permitted to provide expert opinion regarding Plaintiff's medical condition(s) if Defendants lay the proper foundation at trial.  Defendants' motion is GRANTED.

## III.    MOTION TO PRECLUDE DEFENDANTS FROM DISCUSSING THE CASE

Pursuant to Title 15 of the California Code of Regulations ("CCR"), Plaintiff seeks to preclude Defendants from discussing the case with other inmates.  Plaintiff argues that Defendant Overley discussed the case with an inmate and told the inmate that he wanted Plaintiff to "just die and go away."  Plaintiff argues that this violates CCR regulations regarding confidentiality and unlawful influence.

The alleged conduct does not violate either regulation cited by Plaintiff.  The regulations prohibit inmates from exerting unlawful influence over other inmates, staff or visitors, 15 C.C.R. § 3013, and discuss confidential materials, 15 C.C.R. § 3321.  The facts of the case are part of the public (Court) record and not confidential.  To the extent

Defendant Overley's alleged comment is perceived as an attempt to assert unlawful influence, the cited regulation does not apply as he is not an inmate. To the extent that Plaintiff interprets the alleged comment as a solicitation to other inmates to harm Plaintiff, no claim related thereto is before the Court in this case. Plaintiff is, in any event, no longer in prison and presumably no longer exposed to any such threat. Plaintiff's motion is DENIED.

## IV.     MOTION FOR SANCTIONS

Under Federal Rule of Civil Procedure 37(b), Plaintiff seeks monetary sanctions against Defendants and an order denying them the use of any exhibits at trial. Plaintiff argues that Defendants failed to respond to his discovery requests for transcripts of the staff depositions conducted by Defendants in investigating the case and failed to provide him with a copy of their trial exhibits.

Defendants respond that the only deposition taken was of Plaintiff, and he has a copy of the transcript of his deposition. The Court has not ordered Defendants to provide Plaintiff with copies of any other deposition transcripts.

Plaintiff indicates he has received a copy of at least some of Defendants trial exhibits, but apparently he is missing others. Plaintiff does not describe or identify those he has not received. (ECF No. 132.)

Plaintiff's motion for sanctions will be DENIED, without prejudice to his resuming the motion at trial if he shows that he was not provided all the exhibits and if the failure to provide, or delay in providing, actually prejudiced him in some way. Defendants thus are encouraged to undertake to determine if all of their proposed trial exhibits have actually reached Plaintiff and, if not, provide the missing documents forthwith.

## V.     SUBPOENA FOR OFFICER GAULDEN

Plaintiff filed a notice with the Court, indicating that he has not yet been able to raise the fee required to subpoena his witness Officer Gaulden for trial. He asks that the Court subpoena Officer Gaulden and defer the fee until the end of trial.

In the Pre-trial Order, the Court advised Plaintiff that he had to comply with all applicable procedures for subpoenaing Officer Gaulden, including paying the witness fee by August 14, 2015. (ECF No. 111.) Plaintiff has not complied; he has not arranged for payment of the witness fees. The Court cannot issue a subpoena without first receiving the necessary funds. Plaintiff's request is DENIED.

## VI.  REQUEST FOR DEPOSITIONS AND RECONSIDERATION OF AMENDMENT

In his September 3, 2015 notice to the Court, Plaintiff seeks transcripts of the depositions conducted by Defendants and asks the Court to reconsider allowing him to amend and increase his claim of punitive damages to $90,000. (ECF No. 118.)

As noted above, the Court has previously ruled on Plaintiff's motion for deposition transcripts. To the extent Plaintiff is requesting the Court to reconsider its decision, Plaintiff's motion is DENIED. No such transcripts exist, and Plaintiff has not demonstrated otherwise.

The Court has previously denied Plaintiff's request for amendment of the amount of damages because his reasons for amendment did not relate to his Eighth Amendment claim. (ECF Nos. 67 & 111.) Plaintiff seeks reconsideration of the Court's denial, indicating he also sought increased damages because of the severe trauma he suffered in being confined to his cell for a 45-day period.

To the extent Plaintiff wishes to increase his Eighth Amendment claim for punitive damages, he may do so at appropriate times during the trial without amending his pleadings. If the jury finds in favor of Plaintiff it will be charged with determining whether punitive damages should be awarded to him and, if so, the amount of said damages. In that circumstance, Plaintiff can ask the jury to award whatever amount he deems appropriate. Fed. R. Civ. Proc. 54(c) provides that final judgments should grant the relief to which each party is entitled, even if they did not demand such relief in their pleadings

## VII.  CONCLUSION AND ORDER

Accordingly, it is HEREBY ORDERED that:

4

1. Defendants' motion to substitute expert witness is GRANTED (ECF No. 145.);
2. Plaintiff's motion to preclude Defendants from discussing the case is DENIED (ECF No. 115.);
3. Plaintiff's motion for sanctions is DENIED (ECF No. 129.); and
4. Plaintiff's requests for a subpoena for Officer Gaulden, for deposition transcripts, and for reconsideration of the order denying his motion to amend are DENIED (ECF No. 118.).

IT IS SO ORDERED.

Dated:   October 21, 2015            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE